## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

**In Re:**

**MICHAEL SHELTON SMITH**                                                        **Chapter 7**
                                                                    **Case No. 15-13625-JDW**

**BOBBIE CHANCE ROBINSON and**
**COMMERCIAL GRAIN MARKETING, LLC**                              **PLAINTIFFS**

**VS.**                                                   **ADVERSARY NO.:_____**

**MICHAEL SHELTON SMITH**                                              **DEFENDANT**

### COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE AND CHALLENGING DISCHARGEABILITY OF CERTAIN DEBTS

**COME NOW** the Plaintiffs, Bobbie Chance Robinson and Commercial Grain Marketing, LLC, by and through counsel, and file this Adversary Complaint pursuant to 11 U.S.C. §523(a)(2), §523(a)(4), §523(a)(6) and 11 U.S.C. §727; and in support thereof, would show unto the Court as follows, to-wit:

**1.**

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334, 11 U.S.C. §523, 11 U.S.C. §727 and Bankruptcy Rule 7001. This matter constitutes a Court proceeding pursuant 28 U.S.C. §157(b).

**2.**

### PARTIES

(a)    Plaintiff Bobbie Chance Robinson (hereafter "Robinson") is an adult resident citizen of Sunflower County, Mississippi.

(b)    Plaintiff Commercial Grain Marketing, LLC (hereafter "CGM") is a Mississippi

Limited Liability Company with its principal place of business having been previously located near Webb in Tallahatchie County, Mississippi.

(c) Defendant Michael Shelton Smith (hereafter "Defendant") is the Debtor in this Chapter 7 case and may be served with process by serving a copy of the Summons and Complaint by regular United States Postal Service Mail at 6422 Highway 35 South, Batesville, Mississippi 38606.

3.

**FACTS**

(a) That the Defendant and Jim Daven formed CGM on November 7, 2012. Robinson joined CGM as an equal partner or member in June of 2013. The business plan of CGM was primarily based on purchasing grain from farmers and charging farmers fees in connection with storing and drying grain before ultimate delivery to a third party purchaser. During the course of the operation of the business in April, 2014, the Defendant approached Robinson and advised him that CGM needed a short term loan of $900,000.00 to pay Mike Flautt and/or Flautt Farms for grain which had been delivered by Flautt to CGM. The Defendant advised Robinson that he would be paid when CGM received a payment from PECO and/or Lansing for 200,000 bushels of corn which had been delivered to PECO. Defendant represented to the Plaintiff that the accounts receivable from PECO/Lansing was in excess of $1,000,000.00 and more than adequate to repay the Plaintiff for the loan within a short period of time. However, after the passing approximately sixty (60) days, Robinson inquired as to the receipt of the payment from PECO/Lansing and repayment of the short term loan. The Defendant then advised Robinson that PECO/Lansing did not in fact owe CGM for the 200,000 bushels of corn; and, therefore, no funds were available to repay the Defendant's short term loan in the sum of $900,000.00. The Defendant thereafter advised the Plaintiff that he would

in fact be repaid for this short term loan to the CGM, but he could not give a definite time frame as to the repayment of the loan.

(b) After continuing in operation to January, 2015, the Defendant approached Robinson and advised him that CGM owed Scottie Melton and/or Scottie Melton Farms for rice which had been delivered to CGM. However, CGM was unable to ship this rice to the buyer because there were no barges available to transport the rice on the Mississippi River. Therefore, CGM needed a short term loan of $311,000.00 to pay Scottie Melton for the rice, and the Defendant represented to the Plaintiff that he would be paid as soon as barges were available and the rice could be shipped to the purchaser. Robinson therefore advanced the sum of $311,000.00 to CGM in the form of a short term loan. After the passing of a month Robinson inquired as to the shipment of the rice in question and the payment to be received by CGM for the shipment of rice. The Defendant then advised Robinson that the rice had been shipped but that the money had been paid on bills, salaries, etc. Therefore, there were no funds available to repay his short term loan in the sum of $311,000.00.

(c) During the course of the business operations of CGM, the Defendant was the person who was primarily, if not solely, responsible for the day to day bookkeeping, payment of bills, transfer of funds and the receipt and deposit of payments received in any form. While acting in this capacity, the Defendant issued payment for expenses unrelated to the business of CGM and for his own personal benefit or for the benefit of business entities in which Robinson had no interest, all to the detriment of the Plaintiffs. Upon information and belief, the Plaintiffs would further show that the Defendant transferred funds of CGM into a commodity investment account and engaged in the practice of hedging commodities, which resulted in significant losses to the corporation. This practice was engaged in by the Defendant with the funds of CGM, even though it was specifically understood and agreed among the members of CGM that the business would not engage in any risky

practices such as hedging commodities in a commodities investment account.

(d) As the direct and proximate result of the actions of the Defendant, it was necessary to terminate the operations of CGM as a grain buyer and storage facility in August, 2015.

4.

**FIRST CAUSE OF ACTION**

That the Defendant induced Robinson to extend the short term loan in April, 2014 in the sum of $900,000.00 and the short term loan in January, 2015 in the sum of $311,000.00 based on his false statements to the effect that funds would soon be received by CGM which would be more than adequate to repay the said loans and/or by his representation that Robinson's loans to CGM would be paid when the funds from the sale of the grain to PECO/Lansing were received. Said statements were false and Robinson relied on the truthfulness of these statements when he advanced the aforesaid short term loans to CGM. Robinson relied on these false representations to his detriment, resulting in financial losses to Robinson in excess of 1.2 million dollars. Therefore, pursuant to 11 U.S.C. §523(a)(2)(A), this debt should be excepted from discharge and Robinson should be granted judgment against the Defendant.

5.

**SECOND CAUSE OF ACTION**

That during the course and scope of the Defendant's duties as a manager, officer and/or employee and while acting in a fiduciary capacity with regard to CGM and the other members, the Defendant converted, embezzled and/or willfully misapplied the funds belonging to CGM to expenses of other parties with no benefit to CGM and to the detriment of CGM and the other members. Specifically, but without limitation, the Defendant willfully and intentionally overpaid expenses to an entity in which he held an equitable interest, and the Defendant also invested funds

of CGM in a commodity trading account, resulting in losses to CGM. Said actions were done without the knowledge or authorization of other members of CGM, most specifically Robinson, and in direct violation of the agreement among the members that CGM would not engage in hedging commodities. The Plaintiffs suffered losses as a result of these actions on the part of the Defendant, and ultimately the members were forced to cease the business operations of CGM without the repayment of the Robinson's short term loans. Therefore, the Court should order and adjudge that all losses sustained as a result of such acts should be excepted from discharge, and the Plaintiffs should be granted judgement against the Defendant pursuant to 11 U.S.C. §523(a)(4).

6.

**THIRD CAUSE OF ACTION**

That the Defendant's actions in willfully converting and misapplying funds of CGM constitutes a willful and malicious injury to the interests of the Plaintiffs. Therefore, the indebtedness resulting from the short term loans advanced by Robinson to CGM should be excepted from discharge, and the Plaintiffs should be granted a judgment against the Defendant pursuant to 11 U.S.C. §523(a)(6) for all losses sustained as a result of such actions.

7.

**FOURTH CAUSE OF ACTION**

That during the relatively short period of time during which CGM was in operation as a grain buyer and storage facility, the business suffered unexplained losses in excess of 1.2 million dollars, being the amount of the short term loans advanced by Robinson which were never repaid. That although given opportunity, the Defendant has failed to provide any explanation as to how CGM incurred such losses while he was in control of CGM's financial affairs. Because the Defendant has failed to explain satisfactorily the loss of assets by CGM, an entity in which the Defendant owned a 25% equitable interest and which he controlled in all financial matters, this Court should enter an

order denying the Debtor a general discharge pursuant to 11 U.S.C. §727(a)(5).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request that this Court enter an Order granting judgment and denying the dischargeability of the Defendant's liability to Robinson for inducing him to make short term loans to CGM in excess of 1.2 million dollars and granting judgment and denying the Defendant a discharge with regard to all losses sustained by Plaintiffs as a result of money misapplied, converted or embezzled and as referenced in paragraph 5 above, pursuant to 11 U.S.C. §523(a)(2)(A), §523(a)(4) and §523(a)(6), plus pre-judgment and post judgment interest and attorney's fees. Plaintiffs further pray for a denial of Defendant's general discharge pursuant to 11 U.S.C. §727(a)(5).

And Plaintiffs further pray that the Court grant such other and more general relief as the Court may deem reasonable, proper and necessary in the premises.

**RESPECTFULLY SUBMITTED** on this 18th day of March, 2016.


       */s/ Glenn H. Williams*
**GLENN H. WILLIAMS, MSB #7236**
**Attorney for Plainiffs**
**201 North Pearman Avenue**
**Cleveland, MS 38372**
**Telephone (662) 843-3793**

---

## CERTIFICATE OF SERVICE

---

I, Glenn H. Williams, do hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the parties set forth in the Electronic Mail Notice List as of the date hereof, including the following:

U. S. Trustee
USTPRegion05.AB.ECF@usdoj.gov

Alex B. Gates, Chapter 7 Trustee
agates@ecf.epiqsystems.com
vclark1@bellsouth.net

John M. Sherman, Esquire
Attorney for th Debtor
POB 1900
Clarksdale, MS 38614

**THIS**, the 18th day of March, 2016.

*/s/ Glenn H. Williams*
**Glenn H. Williams**