IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

In Re:
MICHAEL SHELTON SMITH                                           Chapter 7
                                                     Case No. 15-13625-JDW

BOBBIE CHANCE ROBINSON and
COMMERCIAL GRAIN MARKETING, LLC                             PLAINTIFFS

VS.                                              ADVERSARY NO.:16-01033-JDW

MICHAEL SHELTON SMITH                                         DEFENDANT

## STATEMENT OF AGREED AND UNCONTRADICTED FACTS

COMES NOW the Plaintiffs, Bobbie Chance Robinson and Commercial Grain Marketing, LLC, and the Defendant, Michael Shelton Smith, and file this their agreed statement of undisputed facts, to-wit:

1.  That Commercial Grain Marketing, LLC (hereafter "CGM"), a Mississippi Limited Liability Company, was formed pursuant to the filing of Articles of Formation with the Mississippi Secretary of State on October 7, 2012.

2.  That Bobbie Chance Robinson, Michael Shelton Smith, Jim Daven and Pete Willingham executed an Operating Agreement on August 14, 2013, setting forth, among other matters, that each member of CGM would own a 25% interest in CGM and that costs and profits would be allocated among the members in the same percentages.

3.  That CGM was organized primarily for the purpose of marketing and merchandising grain, which would be delivered and stored at a large grain storage facility near Webb, Mississippi, which was leased by CGM from Delta Rice Services, Incorporated.

4.  That CGM began receiving deliveries of grain in July or August of 2013, and in the Fall of 2013, CGM received a delivery from Mike Flautt of approximately 200,000 bushels of corn.

5. That Michael Shelton Smith (hereafter "Smith") solicited a short term loan from Bobbie Chance Robinson (hereafter "Robinson") on April 15, 2014, based on his representation that it was needed to pay Mike Flautt and/or Flautt Farms for approximately 200,000 bushels of grain, which had been delivered by Flautt to CGM. Smith represented to Robinson at this time that this loan would be paid back when CGM received payment from PICO and/or Lansing for the 200,000 bushels of grain in question.

6. That Smith, in his capacity as manager of CGM, was the person who had primary control of the day to day bookkeeping, paying of bills, transferring of funds and receipts and deposit of payments received by CGM.

7. That the $900,000.00 advanced by Robinson to CGM was never repaid.

8. That when Robinson inquired about the receipt of the payment for the sale of the 200,000 bushels of corn delivered by Flautt, Smith advised Robinson that he was mistaken and that PICO/Lansing did not in fact owe CGM for the 200,000 bushels of corn in question. Therefore, no funds were available to repay the short term loan advanced by Robinson in the sum of $900,000.00.

9. That on January 13, 2015, Smith advised Robinson that CGM needed $311,000.00 to pay Scottie Melton Farms for a rice settlement because barges were not available on the Mississippi River to ship and market the rice. Robinson advanced the $311,000.00 in question, but he was not repaid when the rice was in fact shipped and payment received from KBX. Upon the subsequent inquiry by Robinson as to repayment of the short term loan of $311,000.00, Smith advised that the rice had been shipped but that no money was available to repay the loan.

10. That during the time period when CGM was in operation, CGM Transportation, LLC, an entity in which Robinson had no interest, was employed exclusively to transport grain to and from the storage facility at Webb, Mississippi.

11. That during the time period when CGM was in operation, it paid CGM Transportation

over 1.5 million dollars in freight costs.

12. That the freight costs were billed to farmers along with other chargers in connection with grain delivered, stored and ultimately marketed by CGM, and the freight costs paid by CGM to CGM Transportation, LLC should have "washed out".

13. That CGM Transportation, LLC ceased operation by July 2015, without repayment of the loans advanced by Robinson in the sum of 1.211 million dollars.

14. That Smith has failed to give any explanation as to the reasons for the financial losses suffered by Commercial Grain Marketing in the sum of at least the 1.211 million dollars.

This Statement of Agreed and Uncontradicted Facts is submitted this the 28th day of June, 2017.

GLENN H. WILLIAMS, MSB #7236
Attorney for Plaintiffs


JOHN SHERMAN, MSB #_____
Attorney for Defendant