

SO ORDERED,

*Jason D. Woodard*

Judge Jason D. Woodard

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| In re: | ) | | |
| | ) | | |
| MICHAEL SHELTON SMITH, | ) | Case No.: | 15-13625-JDW |
| | ) | | |
| Debtor. | ) | Chapter | 7 |

| | | | |
|---|---|---|---|
| BOBBIE CHANCE ROBINSON | ) | | |
| & COMMERCIAL GRAIN | ) | | |
| MARKETING, LLC, | ) | | |
| | ) | | |
| Plaintiff | ) | | |
| | ) | | |
| v. | ) | A.P. No.: | 16-01033-JDW |
| | ) | | |
| MICHAEL SHELTON SMITH, | ) | | |
| | ) | | |
| Defendant. | ) | | |

### ORDER DENYING DEBTOR'S MOTION FOR SUMMARY JUDGMENT
### (A.P. DKT. # 40)

This case is before the Court on the Amended Motion for Summary Judgment (the "Motion")(A.P. Dkt. # 40)[1] filed by Debtor-Defendant Michael

---

[1] Citations to the docket in the main bankruptcy case will be to "Bankr. Dkt." Citations to the docket in the adversary proceeding will be to "A.P. Dkt."

1

Shelton Smith (the "Debtor"). A brief was filed in support of the Motion (A.P. Dkt. # 39). A Response to the Motion (the "Response")(A.P. Dkt. # 50) was filed by Bobbie Chance Robinson ("Robinson") and Commercial Grain Marketing, LLC ("CGM")(together with Robinson, the "Plaintiffs") with a brief in support of the Response (A.P. Dkt. # 52).

The Debtor filed his voluntary chapter 7 bankruptcy petition on October 11, 2015 (Bankr. Dkt. # 1). The Plaintiffs filed the complaint against the Debtor on March 18, 2016 (the "Complaint")(A.P. Dkt. # 1). The Complaint contains four counts. In Count I, Robinson alleges that a debt owed to him by the Debtor should be excepted from discharge under 11 U.S.C. § 523(a)(2)(A).[2] In Counts II and III, both Plaintiffs allege that debts owed to them by the Debtor are nondischargeable under §§ 523(a)(4) and 523(a)(6). Finally, in Count IV, the Plaintiffs allege that the Debtor's general chapter 7 discharge should be denied under § 727(a)(5).

The Debtor's Motion seeks summary judgment not on the merits of the individual claims, but rather on threshold issues. First, the Debtor claims he is entitled to summary judgment on all counts as to Robinson, because the Debtor alleges that he does not owe any money to Robinson, as the debts at issue were owed to Robinson by CGM and not the Debtor individually. The

---

[2] Unless otherwise noted, all statutory citations are to Title 11, United States Code (the "Bankruptcy Code").

Debtor also seeks summary judgment on all counts as to CGM, alleging that CGM did not have the requisite corporate authority to file and maintain this adversary proceeding against the Debtor.

No hearing on the Motion is necessary. The Court has considered the pleadings, briefs, evidentiary submissions, and the law, and finds and concludes that the Motion is due to be denied.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b), and the United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc Dated August 6, 1984. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A), (B), (I), (J) and (O).

## II. SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)(quoting former FED. R. CIV. P. 56(c)); *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000);

*see also* FED. R. CIV. P. 56(c)(1).[3] When considering a motion for summary judgment, the Court must consider all the evidentiary matters with which it is presented, including, *inter alia*, admissions in pleadings, answers to interrogatories, depositions and affidavits. *Collins v. Jackson Public School Dist.,* 609 Fed.Appx. 792, 795-96 (5th Cir. 2015).

The party seeking summary judgment bears the burden of demonstrating to the court the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. "As to materiality, the Supreme Court has stated that '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). All reasonable doubt as to the existence of a genuine issue of material fact "must be resolved against the moving party." *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)(quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

If the movant meets its initial burden of proof, then the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate

---

[3] Federal Rule of Bankruptcy Procedure 7056 incorporates without modification Rule 56 of the Federal Rules of Civil Procedure.

'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 325 (internal quotations omitted). If no genuine issue of material fact exists, the moving party is entitled to judgment as a matter of law.

### III. FACTUAL BACKGROUND[4]

CGM is a limited liability company, organized and operating and in good standing under the laws of the State of Mississippi. CGM's operations consisted of purchasing, storing and drying grain, then selling the grain to a third-party purchaser. Both the Debtor and Robinson are members of CGM, along with two other individuals. Each of the four members holds a 25% share of CGM, with each member also holding equal voting rights.

The Plaintiffs allege that the Debtor was primarily responsible for the day-to-day bookkeeping and financial management of CGM. The Plaintiffs further contend that in managing CGM's finances, the Debtor misappropriated CGM's funds and invested CGM's funds in ways that violated the members' unwritten agreement regarding appropriate investments. In addition, the Plaintiffs allege that two loans Robinson made to CGM pre-petition – one for $900,000 in April 2014 and another for $311,000 in January 2015—were made based on Robinson's reliance on the Debtor's fraudulent representations. Neither loan has been repaid. Although

---

[4] This order contains the Court's findings of fact and conclusions of law pursuant to Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure. To the extent any finding of fact is construed to be a conclusion of law, or vice versa, it is adopted as such.

Robinson made the loans to CGM and not to the Debtor individually, the loans were made to CGM at the request of the Debtor based on the Debtor's (allegedly fraudulent) representations to Robinson.

There is no dispute as to the validity of CGM's Operating Agreement, which was attached as an exhibit to the Motion. The Operating Agreement provides that "[a]ll decisions . . . will be made based on a majority percent of ownership." The Complaint was filed on March 18, 2016. The parties agree that when the Complaint was filed, it had not been duly authorized by CGM as required by Mississippi law and CGM's organizational documents. By October 4, 2016, 75% of the ownership interests voted to ratify the filing and continuance of this adversary proceeding via email. On March 15, 2017, the filing and continuance of this adversary proceeding was formally ratified and approved by the same 75% of the ownership interests (with every member except the Debtor voting to ratify).

The Debtor agrees that corporate authority and ratification was obtained on March 15, 2017, approximately one year after this adversary proceeding was filed. The parties disagree as to whether the ratification was effective.

IV. **CONCLUSIONS OF LAW**

A. Corporate Authority

The Debtor argues that because this adversary proceeding was filed on behalf of CGM without prior, official corporate authority, the Court lacks subject-matter jurisdiction over the claims of CGM, and CGM's claims must be dismissed. *See In re Mid-South Business Assocs., LLC,* 555 B.R. 565 (Bankr. N.D. Miss. 2016). The Debtor acknowledges that the filing of the adversary proceeding was subsequently authorized by a majority vote of CGM's members in accordance with the laws and documents governing CGM's operations. The Debtor relies on this Court's decision in *Mid-South* (and the cases cited therein) in arguing that CGM's subsequent ratification of the filing of the Complaint was ineffective.

In *Mid-South,* this Court did indeed state that "[i]n *Price,* the Supreme Court held that if the trial court 'finds that those who purport to act on behalf of a corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition.'" *Mid-South,* 555 B.R. at 570 (citing *Price v. Gurney,* 324 U.S. 100, 106 (1945)). The material difference is that the Court in *Mid-South* had no reason to consider whether ratification was possible under Mississippi law.[5] Ratification is an

---

[5] The Plaintiffs point out in their brief that *Mid-South* dealt with the filing of a chapter 7 bankruptcy case on behalf of an LLC, and not the filing of an adversary proceeding, noting that the authority to file a bankruptcy petition is "arguably of greater magnitude than the

issue in this case, and the Court concludes that CGM's ratification of the filing of the Complaint was effective and relates back to the filing date of this adversary proceeding.

The law of the state in which a business entity is organized applies to determine whether an action is filed with proper corporate authority.[6] *In re Wyatt & McAlister, PLLC,* 2010 WL 1709920, *6 (Bankr. S.D. Miss., April 23, 2010)(citation omitted). CGM is a limited liability company organized in Mississippi, so Mississippi corporate law applies. *Id.* While corporations and LLCs are different legal entities, LLCs are generally treated as corporations under the Bankruptcy Code. *Id.* at *3 (citing 11 U.S.C. § 101(9)(A)(ii)). An LLC's operating agreement generally controls the operation and authority of an LLC, and an operating agreement is a contract, subject to contract law. *Bluewater Logistics, LLC v. Williford,* 55 So.3d 148, 159 (Miss. 2011).

Mississippi limited liability companies are separate legal entities from their members, and thus generally may sue and be sued in their own names.

---

authority necessary to file an adversary proceeding." The Court need not address whether or not this distinction makes a difference, because it did not address ratification in *Mid-South.* In *Mid-South*, the filing of the petition was never ratified by a vote of the requisite ownership interests. *Mid-South,* 555 B.R. at 578 n.11 (. . . even if the lack of authority at the outset of the case could be "cured" by the later consent of the equity owners of the Debtor, such consent does not exist in this case.").

[6] The Court notes that the determination of which state's law applies to the determination of corporate authority is different from the determination of a limited liability company's citizenship for purposes of ascertaining whether a court has federal diversity jurisdiction over a case. Each LLC member's individual citizenship is considered when determining whether diversity jurisdiction exists. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)(citations omitted).

8

*See, e.g., Restaurant of Hattiesburg, LLC v. Hotel & Restaurant Supply, Inc.*, 84 So.3d 32 (Miss.Ct.App. 2012). The type of corporate authority required to bring an action is governed by the applicable operating agreement and the Revised Limited Liability Company Act. *See Bluewater Logistics, LLC v. Williford*, 55 So.3d 148, 459 (Miss. 2011)(providing that an LLC operating agreement is a contract, subject to contract law). Under the terms of CGM's LLC Operating Agreement (Amended), dated August 14, 2013 (the "Operating Agreement"), a majority vote of CGM's ownership interests was required for any action to be taken on behalf of CGM. A majority vote was thus necessary for a complaint to be filed on CGM's behalf.

Under Mississippi law, shareholders (or members) are permitted to ratify a corporation's past actions. *Keene v. Brookhaven Academy, Inc.*, 28 So.3d 1285, 1289 (Miss. 2010). The ratification relates back to the date of the corporate action being ratified. *Jowett v. Scruggs,* 901 So.2d 638, 644 (Miss. Ct. App. 2004). *See also Kirk v. Pope,* 973 So.2d 981 (Miss. 2001)(holding that the ratification by a real party in interest has the same effect as if the action had been commenced by the proper party in the first place); *Planters' Bank v. Sharp*, 4 Smedes & M. 75, 82-83 (Miss. 1844)(holding that an unauthorized act of an agent of a corporation, if subsequently ratified, has the same binding effect as though it had been previously authorized).

Accordingly, CGM's ratification of the filing of this adversary proceeding relates back to the date of the Complaint.

The parties agree that the Complaint was ratified by a vote of the membership interests that would have been sufficient to authorize the Complaint had the authority been granted before the Complaint was filed. Under Mississippi law, that subsequent ratification relates back to the date of the filing of the Complaint, and it is treated as if it was authorized from the beginning.[7]

### B. Robinson as a Plaintiff

The Debtor argues that because the loans made by Robinson were to CGM and not to him individually, the Debtor does not personally owe a debt to either CGM or Robinson. This argument ignores the Plaintiffs' allegations of individual financial misconduct and breach of fiduciary duty on the part of the Debtor. An officer or employee who misappropriates company property or otherwise embezzles or steals from a company (or from another individual) is personally liable for the damages caused by his misappropriation. *Int'l Order of Twelve, Knights & Daughters of Tabor v. Marshall,* 195 So.2d 66 (Miss. 1967). Members of an LLC have a fiduciary duty to each other and to the LLC. *Knights' Piping, Inc. v. Knight,* 123 So.3d 451 (Miss. Ct. App. 2012). A

---

[7] This is distinguishable from the well-settled principle that constitutional standing issues, such as diversity of parties, cannot be cured through subsequent changes in circumstances (other than the dismissal of a non-diverse party). *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567 (2004).

10

member cannot hide behind corporate form to escape liability for damages intentionally caused by him individually or as a fiduciary. *See, e.g., U.S. v. Bestfoods*, 524 U.S. 51, 62 (1998).

Robinson has alleged that he was individually damaged by the Debtor's fraudulent misrepresentations and violation of his fiduciary duties. In Mississippi, a shareholder or member may bring an action in his own name when he has suffered an individual injury that is distinct from the alleged injury to the company. *Holloway v. Dane,* 316 B.R. 876, 880 (S.D. Miss. 2004). In addition to being a member of CGM, Robinson is also a lender of funds that he alleges the Debtor fraudulently induced him to loan. The alleged injury he suffered, then, is separate than any injury the company suffered or any injury to him based solely on his ownership of 25% of CGM. Accordingly, issues of material fact remain as to the Debtor's liability towards Robinson, individually, and whether any such liabilities are dischargeable. Summary judgment is therefore not appropriate as to Robinson's claims.

## V. CONCLUSION

The subsequent ratification of the filing of the Complaint by a majority of CGM's members was effective. Robinson asserts individual claims against the Debtor, which are distinguishable from CGM's claims. The Court's conclusions herein resolve only these threshold issues raised in the Motion.

11

Summary judgment is due to be denied and this adversary proceeding shall proceed to a trial on the merits.  Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the Debtor's Motion is **DENIED**.  This adversary proceeding will be set for a status conference by separate order.

##END OF ORDER##